UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-21854-ROSENBAUM

CHANEL, INC.,

       Plaintiff,

vs.

ACHETERCHANEL.COM, *et al,*

       DEFENDANTS.

_____/

**ORDER GRANTING PLAINTIFF'S
MOTION TO AUTHORIZE ALTERNATE SERVICE OF PROCESS**

This matter comes before the Court on Plaintiff, Chanel, Inc.'s Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3). [D.E. 9].

In its Complaint, Chanel sets forth claims against Defendants for (1) trademark counterfeiting and infringement, (2) false designation of origin, (3) cybersquatting, and (4) common law unfair competition. *See* D.E. 1. More specifically, Chanel alleges that Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling counterfeit and infringing products including, handbags, wallets, sunglasses, watches, and costume jewelry, including necklaces bearing trademarks which are substantially indistinguishable from Plaintiff's registered trademarks. *Id.* Plaintiff contends that Defendants are accomplishing these sales through various fully interactive commercial Internet websites operating under their partnership and/or unincorporated association names (the "Subject Domain Names").

Plaintiff's counsel obtained available WHOIS domain registration data for each of the Subject Domain Names identifying the contact information that Defendants provided their registrars. *See* D.E. 9-1 at ¶ 3. The relevant WHOIS domain registration records identify the Registrant and contact information for each Defendant. Plaintiff's counsel's investigation of each of the Defendants looked at multiple connection data points, such as physical addresses and telephone data identified in the WHOIS registration data for each of the Subject Domain Names and/or the Internet websites operating thereunder, along with information contained on Defendants' actual websites operating under the Subject Domain Names. *Id*. Based upon their investigation, two researchers hired by counsel determined that the physical addresses provided for Defendants were false, incomplete, or invalid for service of process on Defendants. *Id*. The researchers similarly discovered that the telephone numbers provided were invalid and found that they could not locate alternate physical addresses for service of process on Defendants. *Id.* Counsel for Plaintiff, however, has good cause to believe that the named Defendants are residents of The People's Republic of China, with their respective alleged illegal operations being based in China.

According to counsel for Plaintiff, Defendants have structured their website businesses so that the sole means for customers to purchase Defendants' alleged counterfeit goods is by placing an order over the Internet. Plaintiff contends that Defendants take and confirm orders through their websites, and they answer inquiries and provide shipping notices only via e-mail. *Id.* Accordingly, Plaintiff verifies that Defendants' e-mail addresses are operational and are a reliable means of communicating with Defendants. These e-mail addresses are likewise the most reliable means of providing Defendants with notice of this action.

Rule 4(f)(3), Fed. R. Civ. P., allows a district court to order an alternate method for service

to be effected upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)); *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing alternate means of service lies within the discretion of the District Court.

Service by e-mail is not prohibited under international agreement in this case. Although both the United States and China are signatories to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), the Hague Convention is not applicable here because it "shall not apply where the address of the person to be served with the documents is not known." Hague Convention, Art. 1, 20 U.S.T. 361 (1969); *see also BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) ("The Hague Convention does not apply in cases where the address of the foreign party to be served is unknown.").

E-mail service is also reasonably calculated to give notice to Defendants. Plaintiff cites a catalogue of cases where courts have granted leave for a plaintiff to serve by e-mail where, as here,

> Plaintiff showed that defendants conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email. Furthermore, defendants do not disclose their physical addresses or location of incorporation [and t]hrough its investigations, plaintiff has shown that email . . . [is] likely to reach defendants.

3

*Philip Morris USA, Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007); *see also* Plaintiff's Motion for Alternate Service D.E. 9 at 10 n.3 (collecting cases).

Rule 4(f)(3), Fed. R. Civ. P., was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713 (N. D. Ga. 2000). What constitutes appropriate service varies depending on the circumstances of the case and turns on the court's determination of whether the alternative method is reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections. *Phillip Morris USA, Inc.*, 2007 WL 725412, at *2.

The Court finds that Plaintiff has shown good cause why leave should be granted to allow service of the Summonses, Complaint, and all subsequent filings in this matter upon each Defendant via e-mail. Therefore, upon consideration of the pleading, declarations, and exhibits on file in this matter, as well as the evidence submitted along with Plaintiff's Motion for Order Authorizing Alternate Service of Process, it is

**ORDERED AND ADJUDGED** as follows:

1. Chanel's Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) [D.E. 9] is **GRANTED**.

2. Chanel shall serve the Summonses, Complaint, and all filings in this matter upon Defendants via the e-mail addresses provided by Defendants as part of the domain registration data for each of their respective domain names or on their websites or via e-mail to the registrar of record for each of their respective domain names. *See* attached Schedule "A" which lists Defendants by Defendant number and Subject

Domain Names.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 16th day of August 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record

## SCHEDULE "A"

## DEFENDANTS BY DEFENDANT NUMBER AND SUBJECT DOMAIN NAMES

| Def. No. | Domain Name |
|---|---|
| 1 | acheterchanel.com |
| 4 | borsechaneloriginali.eu |
| 5 | chanelaustraliaonlinesale.com |
| 6 | chanelbagplaza.com |
| 7 | chanelbags4sale.net |
| 8 | chanelbagsaustraliaonline.com |
| 9 | chanelbagsbag.org |
| 10 | chanelbagskireizu.com |
| 11 | chanel-bags-storee.org |
| 12 | chanel-bags-storei.net |
| 13 | chanel-borse.net |
| 14 | chanelcanadabags.com |
| 15 | chanel-factory-outlet.com |
| 16 | chanel-gucci-handbags.com |
| 17 | chanelhandbagsaleshop.com |
| 19 | chanelhandbagsstoreus.com |
| 20 | chanelhandbagstoreuk.com |
| 21 | chanelnicelogobags.com |
| 22 | chanelpursesoutlets.net |
| 23 | chanelsacboutique.com |
| 25 | chanelsoutlets.org |
| 26 | chaneltaschenschweiz.com |
| 27 | chaneltassen.com |

| | | |
|---|---|---|
| **28** | chaneltassen.org | |
| **29** | cheap-chanelbags.com | |
| **30** | cheap-chanelbags.net | |
| **32** | cheapchanelhandbagsoutlet.com | |
| **33** | cheapchanelshop.com | |
| **34** | cheapestchaneloutlet.com | |
| **35** | cheapreplicachanelbags.com | |
| **36** | discountchanelbag.com | |
| **37** | discountchanelbagsshop.com | |
| **38** | louisvuitton-chanel-handbag.com | |
| **39** | lunetteschanel.eu | |
| **41** | replicachanelonlinestore.com | |
| **42** | watches-chanel.com | |